**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARQUIS T. TOWNES**                                                      **PETITIONER**

**vs.**                                                **CIVIL ACTION NO.: 2:12cv194-NBB-JMV**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.**      **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Petitioner Marquis T. Townes, Mississippi prisoner #141101, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court convictions for conspiracy, burglary of a dwelling, and grand larceny. Having considered the submission of the parties, the state court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied, for the reasons that follow.

**Background Facts and Procedural History**

Petitioner and Ernest Lee Mabry[1] were indicted by a Tate County Grand Jury for conspiring to burglarize the home of Tim Culver, located on Springfield Road in Senatobia, Mississippi, and for stealing Mr. Culver's property on September 18, 2009. Along with jewelry and other possessions, several firearms were stolen from the home. Testimony was given at Petitioner's trial that no fingerprints linked Petitioner to the crime, and that no stolen guns were found in his possession. However, a witness testified that a dark blue Cadillac was seen on the

---

[1] A sworn statement, purportedly by "Earnest Mabry," has been submitted in this case. The Court notes that, using the "Inmate Search" function of the Mississippi Department of Corrections website, Mabry's first name is spelled "Ernest." The Court retains the spelling used by the Department of Corrections. *See* http://www.mdoc.state.ms.us/ (follow "Inmate Search" hyperlink; search "Ernest Mabry") (last visited February 26, 2013).

1

side of the road near Mr. Culver's home on the day of the crime. Several other witnesses testified that Petitioner and two other men were seen in a dark blue Cadillac parked by the side of the road in the Springfield Road community on the day after the burglary. A patrolman with the Tate County Sheriff's Department ran the tag on the Cadillac and discovered that it was registered to Petitioner. Four witnesses testified at Petitioner's trial that Petitioner and Mabry attempted to sell them guns that were in the trunk of Petitioner's Cadillac, and two witnesses testified that they obtained guns from the trunk. These guns were later recovered by law enforcement, and Mr. Culver testified that they were his firearms.

Ernest Mabry testified against Petitioner at trial, implicating him in the burglary of Mr. Culver's home. Petitioner testified in his own defense, denying any involvement in the crime and denying being present in the Springfield Road area in September 2009. On November 17, 2010, after deliberating for approximately an hour and a half, the jury returned its verdicts and found Petitioner guilty of conspiracy to commit burglary of a dwelling (Count I), burglary of a dwelling, (Count II), and grand larceny (Count III). Petitioner was sentenced on December 6, 2010, to serve a term of incarceration of five years for Count I, and ten years each on Count II and Count III, with the sentences to run concurrently.[2]

Petitioner appealed to the Mississippi Court of Appeals, which affirmed the judgment of the circuit court on April 10, 2012. *Townes v. State*, 93 So.3d 895 (Miss.Ct.App. 2012), *reh'g denied*, May 31 2012, *cert. denied*, July 26, 2012 (Cause No. 2010-KA-02094-COA). He subsequently filed a pro se application for leave to seek post-conviction relief, and the

---

[2] Petitioner was also assessed fines and ordered to pay restitution in Count II, and a sentence of post-release supervision was imposed.

Mississippi Supreme Court dismissed the application by order entered September 20, 2012. (*See* Respt's Ex. B) (Cause No. 2012-M-00963). The court found all of the issues raised by the post-conviction petition procedurally barred pursuant to Miss. Code Ann. § 99-39-21 and otherwise without merit. (*Id.*).

Petitioner timely filed the instant petition on or about October 3, 2012, asserting the following grounds for relief[3]:

| | |
|---|---|
| Ground One: | Ineffective assistance of counsel; Sixth Amendment right to fair trial.<br>A. The trial court erred in denying the defendant's challenges for cause.<br>B. Counsel performed ineffectively at closing argument. |
| Ground Two: | Recanting co-defendant requires sentence to be vacated. |
| Ground Three: | Unconstitutional criminal statute. |
| Ground Four: | Sixth Amendment violations.<br>A. Trial court erred in denying challenges for cause.<br>B. Trial court failed to find witnesses involved so that they could be confronted.<br>C. Counsel rendered ineffective assistance in failing to find the requested witnesses. |
| Ground Five: | Actual innocence. |
| Ground Six: | Error in affirming on direct appeal. |
| Ground Seven: | Error in denying motion for re-hearing. |
| Ground Eight: | Ineffective assistance of counsel. |
| Ground Nine: | Error in denying motion to add argument to direct appeal brief. |
| Ground Ten: | Error in denying application for leave to proceed in the trial court on a petition for post-conviction relief because of actual innocence. |
| Ground Eleven: | All court decisions were a conspiracy between the Assistant District Attorney and trial counsel, Tommy Defer. |

**Legal Standard**

The Court's review of Petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA prevents the

---

[3] These are the arguments as presented by Petitioner, though they have been paraphrased by the Court.

3

grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Where a state court has refused to hear a prisoner's claim due to his failure to fulfill a state procedural requirement, federal habeas is precluded if the state's procedural rule is "independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722 (1991)). Petitioner bears the burden of demonstrating that the rule is not "strictly or regularly" followed in order to evade application of the bar. *Id.* He may otherwise obtain review of a claim barred by a state procedural rule if he can demonstrate cause and actual prejudice for the default, or that a "fundamental miscarriage of justice" would result from refusal to consider his claims. *See Coleman v. Thompson*, 501 U.S. at 750. In order to avail himself of the "fundamental miscarriage of justice" exception, he must show actual innocence - that, "as a factual matter, [] he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

## Discussion

### Grounds One(A) and Four(A): Challenges for Cause

Petitioner argues that the trial court erred in denying his for cause challenges to strike jurors identified in voir dire as past victims of home burglary, since he was being prosecuted for burglary and related crimes. The court's error, he maintains, denied him of his right to an

4

impartial jury. During voir dire, defense counsel asked the trial court to strike jurors numbered 3, 4, 6, 20, 84, and 87 for cause, as they had been victims of home burglaries. (Trial Tr. vol. 2, 5-6, 11-12). The court denied the challenges because each of these jurors stated that they could remain impartial despite having been past victims. (*Id.* at 6). Defense counsel used all six of his peremptory challenges to remove past victims of home burglaries from the jury panel. (*See id.* at 12).[4]

On review, the Mississippi Court of Appeals held that Petitioner had failed to demonstrate that he was prejudiced as a result of the trial court's ruling, as none of the challenged venire members actually sat on the jury, and he failed to show that he was forced to accept an incompetent juror. Noting that the jurors said they could be impartial, and that the trial judge was in the best position to determine whether the jury selected was fair and impartial, the court found it could not say that there was error in denying the challenges for cause. *See Townes v. State*, 93 So.3d 895, 897-898 (Miss. Ct. App. 2012).

The Court finds that the constitutional inquiry is not whether Petitioner was forced to use peremptory challenges to remove jurors that should have been removed for cause, but rather, whether the seated jury trying the case was impartial. *See Ross v. Oklahoma*, 487 U.S. 81, 85-86 (1988). Because Petitioner has not alleged partiality with regard to the jury that actually heard his case, his claims fail.

---

[4] Based on the parties' assessment of events at voir dire, counsel may have only used five of his peremptory challenges to remove prior victims of home burglaries. The Court's analysis is the same, regardless.

**Grounds One(B), Four(C), and Eight: Ineffective Assistance of Counsel**

Petitioner cites the ineffective assistance of counsel for several alleged errors at his trial. A claim of ineffective assistance of counsel requires the petitioner to demonstrate that counsel rendered deficient performance that prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Whether counsel's performance was deficient requires consideration of whether counsel's performance was objectively reasonable under prevailing professional norms. *Day v. Quarterman,* 566 F.3d 527, 536 (5th Cir. 2009). In evaluating counsel's performance, courts presume that counsel rendered reasonable professional judgment. *See id.*; *Strickland*, 466 U.S. at 689.

Petitioner can establish prejudice as a result of counsel's performance if he can show that the outcome of his trial would have been different but for counsel's alleged errors, and that "the result of the proceedings was fundamentally unfair or unreliable." *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995) (quotation omitted). A petitioner must establish both prongs of the *Strickland* test to prevail on his claim of ineffective assistance. *See, e.g., Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998). Additionally, where a claim has been adjudicated on the merits by the state court, the question is "whether the state court's application of the *Strickland* standard was unreasonable," which is a "doubly" deferential inquiry. *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

1. Ground One(B): Counsel's Closing

Petitioner maintains that defense counsel stated "me personally I don't care what the verdict is today" during his closing argument to the jury, which meets the *Strickland* standard for ineffectiveness. Respondents state that the closing arguments were not included as part of the

state court record, but they maintain that Petitioner cannot otherwise satisfy *Strickland*'s requirements.

Inasmuch as the Court does not have the benefit of the record, it assumes as true Petitioner's allegation that defense counsel told the jury that he did not care whether they found his client guilty. The court determines, however, that Petitioner has failed to demonstrate how the statement prejudiced his defense, even if it is true. The jury was presented with evidence linking Petitioner to the scene of the crime and with some of the evidence stolen from the victim's home. He has not raised a reasonable probability that, but for counsel's statement at closing, the verdict would have been different. *See, e.g., Strickland*, 466 U.S. at 694. Therefore, this claim fails.

2. Grounds Four(C) and Eight: Counsel's Failure to Find and Question Witnesses

Petitioner maintains that trial counsel rendered ineffective assistance in failing to locate and secure the testimonies of Earl Boyd, Red Ward, and Tate County Detective Rodney Cain, as they could have demonstrated his innocence of the charged crimes. However, Petitioner fails to allege what information these individuals would have supplied that would have cast doubt on the jury's verdicts. The Fifth Circuit has stated that "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. . . . Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986); *see also Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). While Petitioner claims that these individuals had information that would have aided his defense, he fails to state what information any of these individuals would

7

have supplied that would have cast doubt on the jury's verdicts. Therefore, even assuming that counsel performed deficiently, Petitioner has failed to show that he was prejudiced as a result. These claims will be dismissed.

### Grounds Two, Three, Four(B) and Five: Procedurally Barred

The claims raised by Petitioner in Grounds Two, Three, Four(B) and Five were barred by the state court during Petitioner's post-conviction proceedings pursuant to Miss. Code Ann. § 99-39-21(1), as they were claims that could have been raised at trial or on direct appeal. (*See* Resp. Ex. B). This bar is an independent state procedural bar, and Petitioner bears the burden of demonstrating that the state court engaged in an "inconsistent and irregular" application of the bar to similar claims around the time of his appeal in order to evade it. *See Stokes v. Anderson*, 123 F.3d 858, 860-61 (5th Cir. 1997). Petitioner has not demonstrated an inconsistent and irregular application of the bar. Therefore, he has defaulted his federal claims and may not receive review of these claims unless he demonstrates cause and actual prejudice, or that a miscarriage of justice would result from the Court's failure to consider it. *See, e.g., Coleman*, 501 U.S. at 750.

Petitioner argues that no fingerprints link him to the crimes for which he is convicted, no stolen evidence was found in his possession, and that all of the prosecution's witnesses lied at his trial. Petitioner claims that refusal to consider his claims would result in a fundamental miscarriage of justice because he is actually innocent of the crimes of which he stands convicted.[5] *See, e.g., Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). Actual innocence is not an

---

[5] To the extent that Petitioner seeks to assert the ineffective assistance of counsel as "cause" for his defaulted claims, the Court finds that he has failed to identify any actions of counsel that resulted in the default, or any prejudice resulting from the default. He has not

actual claim, but rather, a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To establish the applicability of this exception, Petitioner "must support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *McGowen v. Thaler*, 675 F.3d 482, 500 (5th Cir. 2012) (citation omitted).

Attached to Petitioner's "anticipated" response to Respondents' answer are statements, signed under a penalty of perjury, by Ernest Mabry and Calvin Wooten, who maintain that they lied at Petitioner's trial. (*See* doc. entry no. 8, pp. 50-53). In his May 28, 2012, "affidavit," Mabry states: "On November 17, 2010 I gave a false testimony against Marquis Townes stating that he helped me commit a burglary in Tate County which was not the truth[.] [I]n fact Marquis Townes did not have any involvement in the crimes at all. I just told Tate County law enforcement he did, trying to get myself a lighter sentence[.] Marquis Townes did not help in committing the burglary of Tim Culver's home." (*Id*. at 50).[6] The statement of Calvin Wooten, which was signed on November 24, 2012, states that Officer Lisa Sanders threatened to charge him with a variety of gun-related crimes if he did not state that Petitioner was with Ernest Mabry

---

demonstrated counsel performed ineffectively, and he may not rely on counsel's performance to constitute "cause." *See, e.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.").

[6] Petitioner also attaches the sworn statements of two witnesses who state that they saw Mabry sign the affidavit admitting to committing perjury at Petitioner's trial. (*Id*. at 55-57).

when a gun was sold to him. (*Id.* at 51). He maintains that he lied at Petitioner's trial and stated that Petitioner was with Mabry when he obtained a gun from Mabry. (*Id.*).

At the outset, the Court notes that recantation testimony is not considered particularly reliable evidence, and it is viewed suspiciously. *See Dobbert v. Wainwright*, 468 U.S. 1231, 1233-34 (1984) ("Recantation testimony is properly viewed with great suspicion. It . . . is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction."); *Spence v. Johnson*, 80 F.3d 989, 997 (5th Cir. 1996) ("Recanting affidavits and witnesses are viewed with extreme suspicion by the courts.") (*citing May v. Collins*, 955 F.2d 299, 314 (5th Cir. 1992)).

At trial, Petitioner denied ever being anywhere near the scene of the crime in September 2009, he denied ever being in a vehicle with Ernest Mabry and Dewayne Wilbourn[7], and he testified that no one had ever borrowed his car to drive it to Senatobia, Mississippi. (*See* Trial Tr. vol. 3, 203-216). At least four witnesses identified Petitioner as being in the Springfield Road area in his dark blue Cadillac on the day following the crime. (Trial Tr. vol. 2, 74, 86, 93, 96-99). Tate County Sheriff's Department Patrolman, Josh Tate, testified that Petitioner was pulled over to the side of a road in the Springfield Road area on September 19, 2009, and that Dennis Wilbourn and Ernest Mabry were with him. (*Id*. at 91-93). He ran the car tag associated with the vehicle that they were traveling in, and it was registered to Marquis Townes. (*Id*. at 92). Additionally, two witnesses other than Mabry and Wooten testified that Petitioner tried to sell

---

[7] Dewayne Wilbourn was not implicated in any criminal act associated with the burglary of Mr. Culver's home.

them guns out of the trunk of his car. (*See, e.g.,* Trial Tr. vol. 2, 104-05; Trial Tr. vol. 3, 154-56).

The new affidavits presented in support of this claim contradict the sworn trial testimony of Wooten and Mabry. In light of their conflicting testimonies, along with Petitioner's theory of defense and the other evidence presented to support Petitioner's guilt, the presented evidence is insufficient to establish that it is more likely than not that no reasonable juror would have convicted Petitioner if this evidence had been presented. *See, e.g., Bosley v. Cain*, 409 F.3d 657, 664-65 (5th Cir. 2005). Petitioner has failed to demonstrate actual innocence sufficient to overcome the bar applicable to his claims, and they will be dismissed.

**Grounds Six, Seven, Nine, Ten, and Eleven: Procedurally Defaulted**

Respondents contend that Petitioner's remaining grounds for relief were not presented to the Mississippi Supreme Court in a procedurally proper manner, and therefore, he did not properly exhaust his state court remedies as to these claims. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (holding that, in order to meet the exhaustion requirement, a petitioner must present his claims to the state's highest court in a procedurally proper manner to allow the state court a fair opportunity to consider and pass on those claims). Petitioner disagrees that these claims have not been previously raised, stating that they have all been raised in state court "at some point or another." (Traverse at 4). It appears to the Court that Petitioner raised five claims in his application for post-conviction relief, and that none of the claims raised in Grounds Six, Seven, Nine, Ten, and Eleven, were included. However, because there is now no avenue by which Petitioner may now present his claims in state court in a procedurally proper manner, his claims are "technically exhausted" and are considered

procedurally defaulted. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

This Court is barred from reviewing Petitioner's defaulted claims unless he demonstrates the requisite cause and prejudice, or that failure to review the claims would work a fundamental miscarriage of justice. *See, e.g., Bagwell v. Dretke*, 373 F.3d 748, 755 (5th Cir. 2004); *see also Coleman*, 501 U.S. at 750. The Court finds that Petitioner has failed to demonstrate that either exception to the application of the procedural bar is applicable in this case, and these claims are barred from federal habeas review.

## Certificate of Appealability

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

It is hereby ordered that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All pending motions are dismissed as moot. A judgment in accordance with this opinion and order will issue this day.

**THIS** the 25th day of March, 2013.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**